UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LONZA HATCHER,

    Plaintiff,

v.                        CASE No. 8:13-CV-2096-T-23TGW

MATRIX MEDICAL NETWORK,

    Defendant.

_____

REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the plaintiff's Amended Application to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 (Doc. 4). The plaintiff, who is black, alleges that her former employer subjected her to a racially hostile work environment, and she was retaliated against for complaining of race discrimination, in violation of Title VII of the Civil Rights Act (Doc. 1). The complaint does not comply with the Federal Rules of Civil Procedure and it fails to state a claim upon which relief may be granted. I therefore recommend that the plaintiff's complaint (Doc. 1) be dismissed, with leave to file an amended complaint, and consideration of the Amended Application to Proceed In Forma Pauperis (Doc. 4) be deferred pending the filing of an amended complaint.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that she is entitled to redress. Therefore, even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff's complaint, which is less than one page long, alleges in a conclusory manner racial harassment and retaliation by her former employer. The complaint does not satisfy basic pleading requirements, as it does not contain "a short and plain statement of the grounds for the court's jurisdiction" or a demand for the relief sought, and its factual allegations do not show that the plaintiff is entitled to relief. Rule 8(a)(1)-(3), F.R.Civ.P. Furthermore, the complaint is in a narrative form that does not comply with Rule 10's requirement that each claim be stated in separate numbered paragraphs, with each claim "limited as far as practicable to a single set of circumstances." Rule 10(b), F.R.Civ.P.

The plaintiff's complaint fails to show that she is entitled to relief because it lacks factual allegations that provide "plausible grounds to infer" the required elements of each claim. See Watts v. Florida International University, 495 F.3d 1289, 1295-96 (11th Cir. 2007). The plaintiff's first claim is that she was

subjected to a racially hostile work environment. Title VII prohibits a hostile work environment where repeated conduct, "such as discriminatory intimidation, ridicule, and insult," collectively creates "one unlawful employment practice." McCann v. Tillman, 526 F.3d 1370, 1378 (11th Cir. 2008), cert. denied, 555 U.S. 944 (2008). To establish a racially hostile work environment claim, a plaintiff must show: (1) she belongs to a protected race; (2) she has been subject to unwelcome harassment; (3) the harassment was based on her race; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatory abusive working environment; and (5) the employer is responsible for such an environment. Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir.2002).

The plaintiff's vague allegations that two superiors ignored her questions and mentioned the plaintiff's work errors in front of her co-workers (Doc. 1) do not demonstrate that the plaintiff's work environment was "permeated with [racially] discriminatory intimidation, ridicule and insult that [was] sufficiently severe or pervasive to alter the conditions of the [plaintiff's] employment and create an abusive working environment." Id., quoting Harris v. Forklift Systems Inc., 510 U.S. 17, 21 (1993); Dominguez v. Lake Como Club, __ Fed. Appx. __, 2013 WL 2435035 at *2 (11th Cir. 2013). Thus, these vague allegations, by themselves, do not reach the requisite level of severity, nor has the plaintiff alleged that they were

sufficiently pervasive, to state a racially hostile work environment claim. See McCann v. Tillman, supra, 526 F.3d at 1378 (in order to determine whether the harassment was sufficiently severe or pervasive courts examine "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance").

The plaintiff's retaliation claim is not cognizable, either. To establish a retaliation claim, the plaintiff must show that: (1) she engaged in statutorily protected conduct; (2) she suffered an adverse employment action; and (3) there was some causal relation between the two events. Alvarez v. Royal Atlantic Developers, Inc., 610 F.3d 1253, 1268 (11th Cir. 2010).

The plaintiff alleges that she "was written up for a low conversion rate" in retaliation for complaining to the human resources department three months earlier about racial harassment (Doc. 1). Assuming such a written reprimand may constitute an adverse action for a retaliation claim, see Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)(an adverse employment action in context of a retaliation claim is one that could "dissuade[] a reasonable worker from making or supporting a charge of discrimination"), the plaintiff has not alleged facts that provide plausible grounds to infer there was a causal relation between the written reprimand and her statutorily protected conduct. Alvarez v. Royal Atlantic

Developers, Inc., supra, 610 F.3d at 1268. Thus, to establish a causal connection, a plaintiff must show that the decisionmakers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated. Gupta v. Florida Bd. of Regents, 212 F.3d 571, 590 (11th Cir.2000), cert. denied, 531 U.S. 1076 (2001). The plaintiff does not allege in her complaint that the decisionmaker was aware of her alleged protected conduct. Furthermore, in the absence of other evidence tending to show causation, the three-month delay between the protected speech and the adverse action render the retaliation claim unactionable as a matter of law. See Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007).

In sum, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff's complaint is procedurally deficient and fails to state a claim on which relief may be granted. Accordingly, the complaint should be dismissed. §1915(e)(2)(B)(ii). In this circumstance, however, it is appropriate to permit the plaintiff to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002)(§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F.R. Civ. P.). In this regard, the plaintiff must provide greater factual detail in support of her claims, as discussed above. Furthermore, she must identify each of

the laws she alleges the defendant has violated in separate counts of the complaint, and for each count, identify in separate numbered paragraphs the pertinent facts which support the contention that the defendant acted in violation of that law. See Rules 8, 10, F.R.Civ.P.; McNeil v. United States, 508 U.S. 106, 113 (1993)(pro se litigants must comply with procedural rules that govern pleadings). The Hillsborough County Library has form books which provide sample formats for federal lawsuits, and contains copies of the Federal Rules of Civil Procedure. The Court's website also has helpful information. See www.flmd.uscourts.gov.

I therefore recommend that the complaint (Doc. 1) be dismissed and the Amended Application to Proceed In Forma Pauperis (Doc. 4) be deferred pending an opportunity for the plaintiff to file within thirty days an amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Thomas G. Wilson
THOMAS G. WILSON
DATED: SEPTEMBER 3, 2013   UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its

service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).